UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Bruce A. Knowles,

Petitioner,

vs. REPORT AND RECOMMENDATION

Terry Carlson,

Respondent. Civ. No. 02-859(RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of May, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Petition for Writ of Habeas Corpus. See, Title 28 U.S.C. §2254. The Petitioner appears pro se and, in view of the fact that his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondent. For reasons which follow, we recommend that the Petition be summarily dismissed, but without prejudice.

II. Factual and Procedural Background

The Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota, having entered a

FILED MAY 02 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Guilty Plea, in December of 2000, to the Attempted Manufacture of a Controlled Substance. At that time, he was sentenced to 55 months in the custody of the Commissioner of the Minnesota Department of Corrections. See, Petition, at 2.

The Petitioner moved the Sentencing Court to withdraw his Guilty Plea, and the Court denied his Motion. The Petitioner appealed that denial to the Minnesota Court of Appeals. In support of that appeal, the Plaintiff alleged that his Guilty Plea was not knowingly, voluntarily, and intelligently entered, because he had not fully understood the nature of the charges against him, because of prosecutorial misconduct, and because of ineffective assistance of counsel. See, Petition at 3. The Minnesota Court of Appeals affirmed the Trial Court's denial of the Petitioner's Motion to Withdraw his Guilty Plea on November 15, 2001. The Petitioner then requested review by the Minnesota Supreme Court, which denied that request on January 15, 2002. Id.

The Petitioner subsequently filed this Federal Petition for a Writ of Habeas Corpus, under Section 2254, on November 26, 2001. In his Petition, he claims the following:

> a. Conviction [was] obtained by [a] plea of guilty which was unlawfully induced and not made voluntar[il]y with [an] understanding of the nature of the charge.
>
> b. Prosecutorial misconduct based on failure to disclose exculpatory evidence and filing

> additional charges after [his] assertion of speedy trial rights.
>
> c. Appointed counsel's assistance was ineffective and prejudiced [his] right to [a] fair trial.
>
> d. Trial Court and Appeals Court applied [an] erroneous legal standard while making [their] findings.

Petition, at 5.

We conclude that the Federal Petition is premature, however, as the Petitioner has failed to exhaust his claims, since he has not presented the fourth ground, which is raised in his Petition, to the Minnesota Courts.

III. Discussion

A. Standard of Review. Before considering a Federal Habeas Petition involving State claims -- even one which properly presents Federal constitutional claims -- we "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim in the State Courts, petitioners must have referred to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim

before the State Courts. See, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Habeas Petition, must tread the narrow path between exhaustion and procedural default. Section 2254(b)(i) precludes Federal Courts from issuing Writs of Habeas Corpus unless the Petitioner has first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Claims are exhausted under this doctrine, only when the same factual underpinnings, and legal theories being asserted in the Federal Habeas Petition, were first properly raised in State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should have the first opportunity to determine whether a particular exercise of the State police power comports with the Constitution. See, O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

As with every rule, the exhaustion requirement has its exceptions, and does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b)(1)(B)(ii);

Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). However, this exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Thus, if it is clear that the State Courts would find the claim to be procedurally barred, such that a return to the State Courts would be futile, then a Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when it is possible that the State Court would make an exception to procedural default rule and reach the merits of the petitioner's claim), cert. denied, 498 U.S. 986 (1990). Under the procedural default rule, the Petitioner's claim will be procedurally barred unless he can show "cause and actual prejudice" or "actual innocence."

Likewise, where the State Supreme Court has recently issued an adverse ruling on the same question of law under almost identical facts, any resort to State Court remedies would likewise be futile. See, Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). However, the burden

rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[1] Id.

B. Legal Analysis. Given these precepts, we find that the Petitioner's Petition for a Writ of Habeas Corpus contains a blend of exhausted and unexhausted constitutional claims. While the Petitioner claims to have raised the first three of his four claims in his appeals to the Minnesota Court of Appeals, and the Minnesota Supreme Court, as to his fourth claim -- that the "Trial Court and

[1]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

Appeals Court applied erroneous legal standard[s] while making [their] findings" -- he acknowledges that, while he raised the issue "to counsel that was appointed for [the] appeals process, * * * she decided not to raise the issue[] on appeal." Petition, at 6. Thus, this fourth ground has not been fairly presented to the State Court, and as such, is unexhausted.

The Petitioner has not met his burden of demonstrating that a resort to the State Courts "would be an exercise in futility," and we, therefore, cannot find that the exception to the exhaustion rule saves the Petitioner's Petition. The only explanation expressed by the Petitioner, for his failure to exhaust his fourth claim, is that his Court-appointed counsel declined to raise the issue on appeal. However, under Minnesota law, criminal defendants are permitted "to file pro se briefs raising issues which their attorneys [choose] not to include * * *." Irwin v. State of Minnesota, 829 F.2d 690, 690 n. 2 (8th Cir. 1987), citing Case v. State, supra; see also, Jorge v. United States, 818 F. Supp. 55, 57 (S.D.N.Y. 1993)(where counsel did nothing to prevent the Petitioner from filing his own pro se brief, the Petitioner cannot justify his failure to raise claims on direct appeal merely because his counsel filed a brief on his behalf). Therefore, his only stated excuse does not satisfy the Plaintiff's burden of showing "cause and actual prejudice," "actual innocence," or futility. Accordingly, we

recommend that the Petitioner's Petition for a Writ of Habeas Corpus, be summarily dismissed, but without prejudice.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Amended Petition for Writ of Habeas Corpus [Docket No. 1] be summarily dismissed, but without prejudice.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 17, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than May 2, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.